| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| George Holland Jr. (SBN 216735)<br>Holland Law Firm<br>1970 Broadway Suite 1030<br>Oakland, CA 94612<br>Phone: (510) 465-4100<br>Fax: (510) 465-4747<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Sharon Honning | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: Sharon Honning | CHAPTER: 7 |
|---|---|
| | CASE NO.: 2:10bk-13281BR |
| Debtor(s). | DATE: 3/22/10<br>TIME: 2:00 pm<br>CTRM: 1668<br>FLOOR: |

## RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDITION THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 AND DECLARATION(S) IN SUPPORT
**(MOVANT:** Aurora Loan Services, LLC **)**
**(RESPONDENT:** ☒ Debtor  ☐ Trustee  ☐ Other: Sharon Honning **)**

***GENERAL NOTE:*** *A request for additional time is **not** usually an adequate response in opposition to the Motion. This Response and supporting declaration(s) and other admissible evidence must be filed with the Court and served pursuant to the Local Bankruptcy Rules.*

1. ☐ **NON-OPPOSITION:** Notice is hereby given that the Respondent does not oppose the granting of the Motion.

   ***NOTE:*** *If you do not oppose the Motion, there is no need to appear at the hearing scheduled in the Motion.*

2. ☐ **LIMITED OPPOSITION -- APPEARANCE REQUIRED:** Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession shall take place before *(specify date)*:

   The reason for this request is *(specify)*:

*(Continued on next page)*

Response to Motion for Relief from Stay - *Page 2 of 3*    **F 4001-1M.RES**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Sharon Honning | Debtor(s). | CASE NO.: 2:10bk-13281BR |

3. ☒ **OPPOSITION -- APPEARANCE REQUIRED:** Notice is hereby given that the Respondent opposes the granting of the Motion for the reasons set forth below.

   a. Respondent disputes the allegations/evidence contained in the Motion. As shown in the Declaration(s) filed with this Response:

   ☐ The value of the Property is $_____, based upon *(specify)*:

   ☐ Total amount of debt (loans) on the Property is $_____.

   ☐ More payments have been made to Movant than the Motion has accounted for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.

   ☐ The Property is necessary for an effective reorganization. Respondent has filed or intends to file a plan requiring the Property. A true and correct copy of the Plan is attached as Exhibit _____.

   ☐ The Property is insured. A true and correct copy of the policy currently in effect is attached as Exhibit _____.

   ☒ The Movant's description of the status of the unlawful detainer proceeding is not accurate. See attached Declaration for Respondent's evidence.

   ☐ Respondent denies that this bankruptcy was filed in bad faith or improperly. See attached Declaration containing Respondent's evidence.

   ☒ Debtor would be prejudiced if the lawsuit or administrative proceeding is allowed to continue outside the bankruptcy court. See attached Declaration regarding Respondent's contentions.

   ☐ Service of the Motion:   ☐ Not all parties were served    ☐ Insufficient notice of the hearing
   ☐ Incorrect address used for *(specify)* _____
   ☒ Other *(specify)*: Movant Lacks Standing

   b. Respondent asserts:

   ☐ Case has been converted from Chapter _____ to Chapter _____.
   ☐ All postpetition arrears will be cured by the hearing date.
   ☐ The Debtor has equity in the Property in the amount of $_____.
   ☐ Movant has an equity cushion of $_____ which is sufficient to provide adequate protection.
   ☐ The Property is necessary for an effective reorganization because *(specify reasons why)*:

   ☒ The Motion should be denied because *(specify)*:
   Movant lacks standing

*(Continued on next page)*

Response to Motion for Relief from Stay - Page 3 of 3    **F 4001-1M.RES**

| In re  Sharon Honning | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10bk-13281BR |

4. **EVIDENCE IN SUPPORT OF RESPONSE AND SUPPORTING PAPERS:**

> **NOTE RE SUPPORTING PAPERS:** Declarations in opposition to the Motion **MUST** be attached hereto. Any individual signing a declaration must have personal knowledge of the facts stated in it and should attach any supporting documents, if possible. You may attach a Memorandum of Points and Authorities if you desire, but it is not required.

> **NOTE RE SERVICE OF RESPONSE AND SUPPORTING PAPERS:** Pursuant to the Local Bankruptcy Rules, you must file with the Bankruptcy Court Clerk this completed Response along with supporting declaration(s) signed under penalty of perjury, AND also serve a copy of the Response and declaration(s) on the Movant's attorney (or Movant, if no attorney), the Bankruptcy Trustee, the United States Trustee, and all other parties to the Motion.

Pursuant to the Local Bankruptcy Rules, attached hereto are the following papers in support of this Response:

[X] Declaration by Debtor    [ ] Declaration by Debtor's Attorney
[ ] Declaration by Trustee    [ ] Declaration by Trustee's Attorney
[ ] Declaration by Appraiser    [ ] Memorandum of Points and Authorities (optional)
[X] Other (specify): 1. Memorandum in Support of Opposition to Motion For Relief From Automatic Stay
2. Declaration of Mortgagee and Resident Mary Honning
3. Notice of Joinder by Mary Honning

Dated: 3/22/10

Respectfully submitted,

Sharon Honning
_Respondent's Name_

Holland Law Firm
_Law Firm Name (if applicable)_

By: _____
   _Signature_

Name:  George Holland, JR (SBN 216735)
   _Attorney for Respondent or Pro Se Respondent_

George Holland Jr. (SBN 216735)
Holland Law Firm
1970 Broadway Suite 1030
Oakland, CA 94612
Phone: (510) 465-4100
Fax: (510) 465-4747

**United States Bankruptcy Court**
**Central District of California**

In re:

Sharon Honning,

Debtor.

Case No.: 2:10-bk-13281-BR

**MEMORANDUM IN SUPPORT OF RESPONDENT'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**DATE:** 3/22/10
**TIME:** 2:00 PM
**CTRM:** 1668

**1. Statement of Facts**

On January 21, 2003, Bengt and Mary Honning executed a promissory note in favor of Downey Savings and Loan Association, FA for the property located at 6365 Lemon Ave., Long Beach, CA 90805. (See Decl of Sharon Honning, ¶ 3.a.). This note was secured by a Deed of Trust. On December 13, 2004, Downey Savings and Loan Association, FA assigned the deed of trust to Mortgage Electronic Registration Services, as nominee. (here after "MERS".) (See Decl of Sharon Honning, ¶ 3.b). Because MERS was simply a nominee, they never acquired a sufficient ownership interest in the mortgage note and deed of trust which they could convey to Quality Loan Service Corporation, Trustee. MERS, if questioned, will deny any beneficial ownership in the mortgage or note at the time they transferred its interest to Quality, as Trustee. MERS's own website states that they are only a nominee and there is no need for recording of assignments note and deed of trust.

Quality Loan Service Corporation sold the property at a Trustee's sale on or about June 12, 2009. On June 22, 2009, Quality Loan Service Corporation as Trustee attempted to convey to Aurora Loan Services, LLC. The substitution of trustee to Quality Loan Service Corporation was from MERS, who was never beneficiary of the note or mortgage.

Neither, Mortgage Electronic Registration Systems, Quality Loan Service Corporation, nor Aurora Loan Services, LLC ever obtained beneficial interest in the promissory note and deed of trust originally executed by Bengt and Mary Honning. Therefore, Aurora Loan Services, LLC is not the real party of interest in this bankruptcy. They are not the beneficiary of the note and at no time had any right to take interest in the property.

Movant, Aurora Loan Services, LLC as servicer, by its own admissions is neither the holder nor the owner of the note. Aurora Loan Services, LLC as servicer neither asserts that it has a beneficial interest in the note nor that it could enforce the note in its own right.

On June 23, 2009, the Aurora Loan Services, LLC claims to have given constructive notice to occupants to vacate the premises by both posting notice in a conspicuous place and by mailing through United States mail. Sharon and Mary Honning, both residents of the "subject property," deny that that constructive notice was ever provided by Aurora Loan Services, LLC. (See Declarations of Sharon Honning, ¶ 6, and Mary Honning, ¶ 6). Specifically, Sharon and Mary never received notice through United States mail. (See Declarations of Sharon Honning, ¶ 6, and Mary Honning, ¶ 6).

On December 30, 2009, Sharon Honning filed for bankruptcy in federal court. (See Declaration of Sharon Honning, ¶ 2). On the same day, Sharon also appeared in court as an unnamed occupant for the Unlawful Detainer hearing. Because both Sharon and Mary are both residents of the subject property, they would suffer harm in the form of their lost residence if this case is allowed to proceed outside the bankruptcy court.

2. **Argument**
   a. **Movant Lacks Standing**

A security interest cannot exist independent from the obligation which it secures. In Re Leisure Time Sports, Inc., 194 B.R. 859, 861 (9th.Cir.Bap 1996) A security interest cannot exist, much less be transferred, independent from the obligation which it secures. In re DiSanto & Moore Associates, Inc., 41 B.R. 935, 938 (C.D.Cal. 1984); Union Supply Co. v. Morris, 220 Cal. 331, 338-39, 30 P.2d 394, 397 (1934). The security interest follows the debt. Id. If the debt is not transferred, neither is the security interest. Id. The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity. Carpenter v. Longan, 83 U.S. 271 (1872).

It is well established that a plaintiff must prove standing by showing: (1) injury in fact; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood that a favorable outcome will redress the injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

To proceed with this motion and the underlying unlawful detainer action, Aurora Loan Services, LLC must demonstrate to this court that it or Quality Loan Services was the holder of not only the deed of trust but also the promissory note. If not, it has no injury in fact. See In re Foreclosure Cases, 521 F. Supp. 2d 650, 653 (S.D. Oh. 2007) (stating that, "[t]o show standing in a foreclosure action, . . . the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was filed [and] . . . that the holder of the note and mortgage is harmed, usually by not having received payments on the note").

In the context of relief from a stay motion, a motion for relief from the automatic stay must satisfy both substantive and procedural requirements. The substantive requirements are provided by § 362(d). The procedural requirements are imposed by the United States Constitution (due process) and the Federal Rules of Bankruptcy Procedure (which mostly incorporate the Federal Rules of Civil Procedure). The applicable rules here are the "real party in interest" rule and the "required joinder" rule. See In re Kang Jin Hwang, 393 B.R. 701, 712 (C.D. Cal.2008).

Standing requires that the party prosecuting an action have a sufficient stake in the outcome and that the party bringing the claim be recognized in the law as being the *real party in interest*. Davis v Fed. Election Comm'n,--- U.S.---, 128 S.Ct. 2759, 171 L.Ed. 2d 737 (2008). And, see rule 17(a) of the Federal Rules of Civil Procedure, requiring an action to be brought in the name of the real party in interest.

In the case at bar, Quality Loan Services, as Trustee, and Aurora Loan Services, LLC, as Servicer, by their own admissions are neither the holder nor the owner of the note. Quality Loan Services, as Trustee nor Aurora Loan Services, LLC, as Servicer, neither asserts that it has a beneficial interest in the note nor that it could enforce the note in its own right.

There is no evidence submitted by the moving party that the original lender, Downey Savings and Loan Assn., FA, ever assigned or properly transferred the underlying promissory note to Aurora Loan Services, LLC. In fact, the evidence seems to show that Aurora Loan Services, LLC has no interest in the subject property and no standing to bring this motion. Aurora Loan Services, LLC's lack of ownership of the mortgage and promissory note in this case, which goes to the very heart of any claim of standing, permeates the entire proceeding and subverts the integrity of the case.

### 3. Conculsion

Aurora Loan Services, LLC makes no assertions as to its own interest in the outcome of the instant claim it is making, nor does it make any mention of any perceived injury to itself. Instead, Aurora Loan Services, LLC seeks to enforce a third parties rights, (i.e., the holder and owner of the Debtor's Note and Mortgage) and thus Aurora Loan Services, LLC in the case at bar lacks standing in a federal court. Aurora Loan Services, LLC cannot bring this claim without properly indentifying direct injury or threat of injury to itself or by joining a real party in interest.

However, the debtors would be injured if the motion were granted because Aurora Loan Services, LLC is seeking relief to proceed with the eviction of the debtor from her residence through an unlawful detainer action. As such, the respondents have standing to oppose this motion.

Wherefore, the debtors pray this motion be denied.

Dated: March 8, 2010                    HOLLAND LAW FIRM

                                        _____
                                        Attorney for Respondent
                                        George Holland, Jr.

George Holland Jr. (SBN 216735)
Holland Law Firm
1970 Broadway Suite 1030
Oakland, CA 94612
Phone: (510) 465-4100
Fax: (510) 465-4747

**United States Bankruptcy Court**
**Central District of California**

In re:  ) Case No.: 2:10-bk-13281-BR
        )
Sharon Honning,  ) **DECLARATION OF RESPONDENT**
        ) **SHARON HONNING**
        )
        ) DATE: 3/22/10
        ) TIME: 2:00 PM
Debtor.  ) CTRM: 1668
        )

I, Sharon Honning, declare and state as follows:

1. I currently reside at 6365 Lemon Ave., Long Beach, CA 90805, herein after referred to as "subject property."

2. I filed for Bankruptcy in United States Bankruptcy Court, Central District of California on December 30, 2009.

3. I have personal knowledge of the following information about the "subject property" based on personal knowledge and based upon information obtained from the Office of the Los Angeles County Recorder in Norwalk, CA.

    a. The "subject property" was originally purchased by Bengt and Mary Honning from Downey Savings and Loan Association., FA on or about January 21, 2003.

    b. On or about December 13, 2004, Downey Savings and Loan Association, Assigned the Deed of Trust to Mortgage Electronic Registration Service (MERS).

Declaration of Respondent Sharon Honning                     Page 1

c. On or about May 15, 2006, MERS filed a Substitution of Trustee form transferring their interest to Quality Loan Services.

d. The County Recorder's office does not have any record of Downey Savings and Loan Association or MERS Assigning the Note and Deed of Trust to the Trustee, Quality Loan Services.

4. On June 11, 2009, I attended the Trustee Sale of "subject property" and after handing the auctioneer paperwork with power of attorney, I witnessed the auctioneer tell everyone to ignore the property.

5. I notified Aurora Loan Services of my tenancy in the property when I filed an answer to Unlawful Detainer action, after discovery a pending hearing.

6. I have never received Notice to Vacate Premises through the United States mail at 6365 Lemon Ave., Long Beach, CA 90805.

7. I will be prejudiced if the unlawful detainer lawsuit is allowed to continue outside of bankruptcy court.

I declare under penalty of perjury that foregoing is true and correct to the best of my knowledge. This declaration was executed in Long Beach, CA.

Dated: March 8, 2010

*Sharon Honning* (signature)

Sharon Honning

Declaration of Respondent Sharon Honning    Page 2

George Holland Jr. (SBN 216735)
Holland Law Firm
1970 Broadway Suite 1030
Oakland, CA 94612
Phone: (510) 465-4100 Fax: (510) 465-4747

**United States Bankruptcy Court**
**Central District of California**

| | |
|---|---|
| In re:<br><br>Sharon Honning,<br><br><br><br>Debtor. | Case No.: 2:10-bk-13281-BR<br><br>**DECLARATION OF MARY HONNING**<br><br>**DATE:** 3/22/10<br>**TIME:** 2:00 PM<br>**CTRM:** 1668 |

I, Mary Honning, declare and state as follows:

1. I am 79 years of age and a resident of the state of California.
2. I currently reside at 6365 Lemon Ave., Long Beach, CA 90805, herein after referred to as "subject property."
3. I originally purchased the "subject property" with Bengt Honning, as husband and wife as joint tenants.
4. Downey Savings and Loan Association, FA was the original lender when I purchased the "subject property". I entered into a mortgage loan with Downey Savings and Loan Association, FA for said purchase and signed a promissory note and deed of trust in favor of Downey Savings and Loan Association, FA.
5. I have never entered any contracts with Aurora Loan Services, LLC.
6. I have never received Notice to Vacate Premises through the United States mail at 6365 Lemon Ave., Long Beach, CA 90805.

---

Declaration of Respondent Mary Honning                                    Page 1

7. I will be prejudiced if the unlawful detainer lawsuit is allowed to continue outside of bankruptcy court.

I declare under penalty of perjury that foregoing is true and correct to the best of my knowledge. This declaration was executed in Long Beach, CA.

Dated: March 8, 2010

_____
Mary Honning

Declaration of Respondent Mary Honning                                    Page 2

**United States Bankruptcy Court**
**Central District of California**

In re:  ) Case No.: 2:10-bk-13281-BR
 )
SHARON HONNING ) NOTICE OF JOINDER
 )
 ) DATE: 3/22/10
 ) TIME: 2:00 PM
Debtors. ) CTRM: 1668
 )

**MORTGAGEE MARY HONNING'S JOINDER IN DEBTOR SHARON HONNING'S OPPOSITION TO AURORA LOAN SERVICE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Now comes original mortgagee and current resident of the subject property, MARY HONNING, individually files this Joinder in *Debtor Sharon Honning's Opposition to Aurora Loan Services, LLC's ("Aurora") Motion For Relief From The Automatic Stay*, and states as follows:

1. Mary Honning joins in and fully supports the Opposition to Aurora's Motion For Relief From The Automatic Stay filed by Sharon Honning, and adopts and incorporates the arguments asserted therein.

2. Mary Honning requests an order from this Court denying the relief sought in Aurora's Motion For Relief From The Automatic Stay.

WHEREFORE, Mary Honning respectfully requests the entry of an order denying the

// //

NOTICE OF JOINDER

1 | relief requested in Aurora's Motion and for such other relief as the Court deems just
2 | and proper.
3 |
4 | Respectfully submitted this 8th day of March, 2010.
5 |
6 | _____
7 | MARY HONNING

NOTICE OF JOINDER

| In re: SHARON HONNING | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:10-br-13281-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as **Debtor Sharon Honning's Opposition to Aurora Loan Services, LLC's Motion For Relief From Automatic Stay and Supporting Documents, including Declaration of Sharon Honning, Declaration of Mary Honning and Notice of Joinder of Motion**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 8, 2010_____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
1. Laurie Howell – Atty for Aurora Loan Services, LLC – Email: laurie.howell@dre-apc.com
2. Alfred H. Siegel – Ch 7 Trustee: Email: ahstrustee@horwathcal.com
3. U.S. Trustee: Email: ustpregion16.la.ecf@usdoj.gov
4. Ramesh Singh- Atty for Interested Party Recovery Mgt Systems Corp- Email: claims@recoverycorp.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On March 8, 2010 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
1. Hon. Barry Russell, US Bankruptcy Court, 255 E. Temple St., Suite 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____       _____
Date          Type Name                                                            Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                **F 9013-3.1**